IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:15-cr-169(2) |
| | : | |
| Plaintiff, | : | Judge Thomas M. Rose |
| | : | |
| v. | : | |
| | : | |
| ANTONIO SPIVA, | : | |
| | : | |
| Defendants. | : | |

_____

**ENTRY AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT ANTONIO SPIVA'S MOTION IN LIMINE (DOC. 75)**
_____

This case is before the Court on Defendant Antonio Spiva's Motion in Limine (Doc. 75), which seeks the exclusion of evidence regarding: (1) the subject of expected prison time, (2) the statement of Co-Defendant Charles McBeath, (3) statements made about the Assistant United States Attorney assigned to the case; and (4) any "other irrelevant statements made not considered an admission." (Doc. 75 at 1.) The Government's counsel has informed the Court that it does not intend to introduce evidence of any statement made by Spiva about his possible prison time—if found guilty of the crimes charged—or the Assistant United States Attorney assigned to this case. Nor has the Government indicated that it believes such statements would be admissible at trial. Accordingly, the Court grants the Motion in Limine as to those two categories of evidence.

In the Court's Order (Doc. 77) denying the Motions to Sever (Docs. 53, 59) filed by Spiva and McBeath, it discussed the circumstances in which the Government might seek to introduce a prior statement of McBeath at trial. No further discussion of this issue is necessary here. The Court denies the Motion in Limine as to any prior statement by McBeath. Spiva may renew his motion to exclude any prior statement of McBeath at trial, if the Government seeks to introduce

such evidence.

The Court denies Spiva's motion to exclude "other irrelevant statements made not considered an admission" as premature and inappropriate for consideration in a motion in limine. When the Motion in Limine was filed, Spiva's counsel was engaged in an "ongoing review" of recorded telephone calls that Spiva made from Shelby County Jail. (Doc. 75 at 4.) Nonetheless, Spiva's counsel concluded that none of the calls have any probative value and therefore should be excluded under Federal Rule of Evidence 403. The Court cannot preemptively rule on the admissibility of every recorded telephone call made by Spiva while in custody without any of those recordings before it. The Court does not even know how many calls were made or to whom they were made. (Spiva does indicate that at least some calls were to his father.) The Court therefore denies the Motion in Limine as to "other irrelevant statements." Again, if the Government seeks to introduce a specific recording at trial, Spiva may renew his motion at that time.

In summary, the Court **GRANTS** Spiva's Motion in Limine (Doc. 75) as to the subject of expected prison time and statements made about the Assistant United States Attorney assigned to this case. The Court **DENIES** the Motion in Limine (Doc. 75) as to any prior statement by McBeath and "other irrelevant statements made not considered an admission."

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, December 30, 2016.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE