# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff,  :  Case No. 3:15-cr-169(2)
               Also 3:19-cv-041

               District Judge Thomas M. Rose
 - vs -           Magistrate Judge Michael R. Merz

ANTONIO J. SPIVA,

      Defendant.  :

## REPORT AND RECOMMENDATIONS ON MOTION TO STRIKE

   This case under 28 U.S.C. § 2255 is before the Court on Defendant Antonio Spiva's Motion to Strike the final judgment (ECF No. 174). As a *pro se* litigant, Spiva is entitled to a liberal construction of his pleadings. *McNeil v. United States,* 508 U.S. 106, 113 (1993); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). Since the Motion was filed within the time allowed for a motion to amend the judgment under Fed.R.Civ.P. 59(e), the Magistrate Judge will construe it as a Rule 59(e) motion and consider it under the standards applicable to such motions.

   Filed post-judgment, the Motion requires a Report and Recommendations from an assigned Magistrate Judge, rather than a decision.

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe*, 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling law, *Collison v. International Chem. Workers Union, Local 217*, 34

1

> F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. [*Davis v. Jellico Cmty. Hosp.*, 912 F.2d 129, 133 (6th Cir. 1990)]; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. *See also North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3rd Cir. 1995).

*Gencorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999), accord *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 551-52 (6th Cir. 2011), quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010).

Spiva contends the judgment was entered without properly considering his objections to the Magistrate Judge's Report and Recommendations on the merits ("Report," ECF No. 168). The judgment sought to be amended recites that Spiva failed to file objections to the Report within the time allowed by law. He says he received the Report "on or about June 10, 2019[.]" (Motion, ECF No. 174, PageID 979). As the Magistrate Judge noted in the Order Striking Objections, the Report was served on Defendant by mailing it to him on May 30, 2019, and his Objections would have been timely if deposited in the prison mail system within seventeen days of that date (ECF No. 171, PageID 971). Seventeen days after May 30, 2019, is June 16, 2019, which was a Sunday, so the time is extended automatically to the next day.

Spiva avers in a Declaration, which he terms an Affidavit, attached to his motion that his Objections were mailed June 24, 2019 (Motion, ECF No. 174, PageID 981-82). But the deadline for filing objections to a report and recommendations runs from the date of service which, under Fed.R.Civ.P. 5, is the date the report is mailed, not the date it is received. Hence, the Objections were not timely mailed and were properly stricken.

Nonetheless, Spiva asks the Court to consider his objections on the merits, which the Court has authority to do under Fed.R.Civ.P. 59(e). Because Spiva has not tendered any new evidence and does not rely on a change in the law since the judgment was entered, the issue is whether there was a manifest error of law in the final decision.

In his § 2255 Motion, Spiva claims that he received ineffective assistance of trial counsel Aaron Durden because Mr. Durden failed to explain to him the impact on his case of the Supreme Court decision in *Burrage v. United States* (ECF No. 167, PageID 889, citing 571 U.S. 204 (2014)). He also claims he received ineffective assistance of appellate counsel Patrick Hanley when Mr. Hanley did not "appeal his sentence and conviction under *Burrage* rather than filing an *Anders* brief." *Id.* at PageID 896. Finally, Defendant also raises a vague Fifth Amendment Due Process challenge to his conviction. *Id*. at PageID 895-96.

The Report recommended denying Spiva's § 2255 Motion because his reliance on *Burrage* was misplaced. In that case the Supreme Court had decided that "but for" causation was required to be proved before a defendant could be sentenced to the mandatory minimum twenty years for causing the death of a buyer of drugs. 571 U.S. at 213. The Court further held that causation was an element required to be proved to a jury beyond a reasonable doubt under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), unless admitted by a defendant. *Id*. at 210. The Report noted that Spiva received dismissal of the fatality specification by plea bargaining, that his agreed Guideline Sentencing range reflected that, that he had nonetheless admitted the drugs he sold caused two deaths and the statement of facts by the prosecutor, which he admitted were true, showed the United States could prove but for causation beyond a reasonable doubt (ECF No. 168, PageID 938-39).

Spiva's Objections rely on the Declaration attached to his § 2255 Motion in which he claimed

> 5.) "I know that my actions did not result in the death's [sic] of Paul McElfresh and Jason Robinson. Had I known that the Supreme Court had decided caselaw that would require the Government to prove that the alleged substances were the 100% certain cause of the death for Mr. McElfresh and Robinson, I would not have accepted a plea exposing myself to § 84l(b)(l)(c) enhancement and proceeded to trial."

(ECF No. 170, PageID 943, quoting Spiva Decl. , ECF No. 167, PageID 900.)

This paragraph encapsulates Spiva's argument and represents many misunderstandings of his situation. First of all, it is directly contrary to his statements under oath at the plea colloquy. Second, the plea agreement Spiva got did not subject him to the fatality enhancement, but in fact spared him that enhancement; with the enhancement he would have faced a mandatory minimum of 240 months imprisonment. Finally, *Burrage* does not require the Government to prove but for causation to a 100% certainty. The requirement in American criminal jurisprudence is proof beyond a reasonable doubt, applied to sentencing enhancements in *Apprendi* and specifically to the drug fatality enhancement in *Burrage*.

The Objections do not show any manifest error of law in the Court's judgment, which adopted the Magistrate Judge's Report. Whatever he might have been able to prove at trial, Spiva admitted during a plea colloquy the Sixth Circuit found complied with Fed. R. Crim. P. 11, to selling drugs which caused the deaths of McElfresh and Robinson. Nonetheless, by pleading guilty he avoided the fatality enhancement provided by law under those circumstances. His trial attorney, Aaron Durden, was plainly aware of *Burrage* and bargained with that case is mind. Mr. Hanley

did not provide ineffective assistance of appellate counsel by not raising a Burrage claim on appeal because there was no colorable *Burrage* claim to raise.

Spiva has not shown a manifest error of law in the judgment and his Motion, construed as being made under Fed.R.Civ.P. 59(e) should there be denied. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

July 10, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).