# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : Case No. 3:15-cr-169 (2) |
| v. | : |
| | : Judge Thomas M. Rose |
| ANTONIO J. SPIVA, | : |
| Defendant. | : |

---

### ENTRY AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (DOC. NO. 190)

---

This case is before the Court on the Motion for Compassionate Release (Doc. No. 190) (the "Motion"), filed by Antonio J. Spiva ("Spiva"). Spiva is currently incarcerated at USP [United States Penitentiary] Yazoo City in Mississippi. (*See* FEDERAL BUREAU OF PRISONS INMATE LOCATOR, https://www.bop.gov/inmateloc (last visited July 8, 2021).) He asks the Court for compassionate release from his term of imprisonment. More specifically, he asks that this Court grant him compassionate release, pursuant to Title 18 U.S.C. § 3582(c)(1)(A), based on extraordinary and compelling reasons. (Doc. No. 190.) For the reasons discussed below, the Court **DENIES** Spiva's Motion without prejudice.

## I. BACKGROUND

On January 9, 2017, Spiva pleaded guilty to conspiring to possess, with intent to distribute, controlled substances. (Doc. No. 134.) At sentencing, the Court imposed a 180-month period of incarceration, followed by five years of supervised release with additional conditions. (Doc. No. 141 at PageID 573–74.) Spiva is currently 29 years old and has an anticipated release date of

1

September 18, 2028, meaning he has served less than half of his sentence. (*See* FEDERAL BUREAU OF PRISONS INMATE LOCATOR, https://www.bop.gov/inmateloc (last visited July 8, 2021).)

Spiva filed the Motion on April 20, 2021. (Doc. No. 190.) On June 21, 2021, Spiva's appointed counsel notified the Court they would not file a Supplemental Motion in the matter. (Doc. No. 195.) The Government filed a Response to the Motion on June 25, 2021. (Doc. No. 196.) The matter is ripe for review and decision.[1]

## II. ANALYSIS

A district court has limited authority to modify a sentence. *United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020) ("[s]ince the Sentencing Reform Act of 1984, federal law has generally prohibited a district court from modifying a term of imprisonment once it has been imposed") (alterations adopted) (internal quotation marks omitted). "Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013). Section 3582(c)(1)(A) grants such authority in certain limited circumstances. It provides, in part:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court … may reduce the term of imprisonment (and may

---

[1] Section 603(b) of the First Step Act, which was signed into law on December 21, 2018, modified 18 U.S.C. § 3582 to allow a defendant to bring a motion on his or her own behalf either "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); Pub L. No. 115-391, 132 Stat. 5194; *see also United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020) ("If the Director of the Bureau of Prisons does not move for compassionate release, a prisoner may take his claim to court only by moving for it on his own behalf. To do that, he must fully exhaust all administrative rights to appeal with the prison or wait 30 days after his first request to the prison," and "[p]risoners who seek compassionate release have the option to take their claim to federal court within 30 days, no matter the appeals available to them") (internal quotation marks omitted) (alterations adopted); *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020) ("defendants now may bring reduction-of-sentence motions on their own once they exhaust any administrative remedies or wait 30 days from the date they request relief from the Bureau of Prisons"). Here, on June 20, 2020, Spiva sent a request to the warden, pleading for the opportunity to submit a compassionate release form. (Doc. No. 196-1 at PageID 1108.) On July 8, 2020, the warden denied this request, informing Spiva that mere concerns about exposure to COVID-19 do not warrant an early release. (*Id.* at PageID 1107.)

impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).[2]

The decision to reduce a term of imprisonment pursuant to Section 3582(c)(1)(A) involves a three-step test, based on three substantive requirements. *United States v. Jones*, 980 F.3d 1098, 1106-08 (6th Cir. 2020); 18 U.S.C. § 3582(c)(1)(A)(i). At step one, a court must find that extraordinary and compelling reasons warrant a sentence reduction.[3] *Jones*, 980 F.3d at 1107-08. The Court need not proceed further than step one to resolve the Motion.

Spiva asks that the Court grant the Motion by reducing his sentence in light of the risks posed by the COVID-19 pandemic. (Doc. No. 190 at PageID 1087.) Spiva argues the prison environment places him at a heightened risk to contract COVID-19 because the BOP has failed to effectively manage the pandemic, resulting in a rise in the number of active cases within the prison. (*Id.* at PageID 1081–82.) In particular, Spiva contends the pandemic was "never controlled" at his previous detention center (FCI Elkton) and the risk of infection remains present at USP Yazoo City. (*Id.* at 1082.) If released, Spiva says he has a home to return to, and has "multiple employment options" as well. (*Id.* at 1087.)

Although the Court is sympathetic to Spiva's fears of contracting COVID-19, the Court does not find an extraordinary and compelling reason, under the law, that would warrant a reduction in his prison sentence. A generalized risk of contracting COVID-19 does not, without

---

[2] Subpart (ii) of this portion of the statute provides "a separate basis for compassionate release tied to the defendant's age and years in prison." *Ruffin*, 978 F.3d at 1003.
[3] "Or, alternatively, whether the defendant fulfills the requirements of § 3582(c)(1)(A)(ii)." *Jones*, 980 F.3d at 1108 n. 12.

3

more, amount to a material change of circumstances which would warrant compassionate release. *United States v. Raia*, 954 F.3d 594, 597 (3d. Cir. 2020) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release"). The threshold for extraordinary and compelling circumstances "is not met when an otherwise healthy defendant seeks compassionate release on the basis of well-controlled medical conditions and has not completed a substantial portion of his sentence." *United States v. Bass*, 843 F. App'x 733, 735 (6th Cir. 2021).

The Court also finds that the BOP has taken significant measures to protect inmates from the risks of COVID-19, and repeatedly revised its Coronavirus Action Plan to address the ongoing crisis. *United States v. Dorn*, No. 3:19-CR-014, 2020 WL 6343064 (S.D. Ohio Oct. 29, 2020). A specific prison's current infection rate may be considered in assessing the risk of contagion. *See United States v. Banner*, No. 2:12-CR-093, 2020 WL 4289597 (E.D. Tenn. July 27, 2020) (denying motion for compassionate release on grounds that facility had a low number of new infections). USP Yazoo City, however, appears to have contained the spread of the virus, reporting zero active cases with no pending tests. (*See* FEDERAL BUREAU OF PRISONS COVID-19, https://www.bop.gov/coronavirus/ (last visited July 7, 2021).)

Though it is widely recognized that individuals with certain medical conditions are at a heightened risk for serious consequences caused by COVID-19, Spiva has failed to allege any specific medical ailments which would make him more susceptible to COVID-19, and he had no underlying conditions at the time of sentencing. (PSI ¶¶ 84–85.) Courts have declined to allow the release of otherwise healthy prisoners who claim obesity as their only cognizable risk factor, "particularly when they are confined at institutions with few or no active coronavirus cases." *United States v. Shumaker*, No. 18-20286, 2021 WL 289653, at *4 (E.D. Mich. Jan. 28, 2021)

4

(internal quotation marks omitted) (collecting cases). In the present case, these circumstances weigh against release. Spiva, who has served less than half his sentence, appears to be a healthy individual and is incarcerated in a facility with zero active cases.

### III. CONCLUSION

Although the Court is sympathetic to Spiva's arguments about the fear of contracting COVID-19, the circumstances here do not warrant a reduction in the term of imprisonment pursuant to Section 3582(c)(1)(A). For the reasons stated above, the Court **DENIES** the Motion for Compassionate Release (Doc. No. 190).

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, July 12, 2021.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE